Argued July 6, reversed September 20, 1927.

## STATE *v.* FRED JOHNSON AND BOB ROBERTSON.

(259 Pac. 423.)

**Criminal Law—Defendants, not Appealing, are Conclusively Presumed to be Satisfied With the Judgment of Conviction.**

1. Defendants, not appealing from judgment of conviction, are conclusively presumed to be satisfied with the judgment.

**Intoxicating Liquors—Evidence Held Insufficient to Sustain Conviction of Making and Possessing Mash, Wort and Wash Fit for Distillation as to Persons Sleeping on Premises.**

2. In prosecution for making, fermenting and possessing mash, wort and wash fit for distillation, evidence *held* insufficient to jus-

tify conviction of defendants who were found sleeping in dwelling of persons on whose premises still and mash were found.

**Criminal Law—Person Charged With Violating Prohibition Act is Presumed Innocent to Same Extent as Person Charged With Other Offense.**

3.   The presumption of innocence attends a person charged with violating the Prohibition Act (Or. L., §§ 2224, 2224—68, as amended) to the same extent as it does a person charged with any other crime.

**Criminal Law—Even a Strong Suspicion of Defendant's Guilt is not Sufficient to Take Case to Jury.**

4.   A suspicion, and even a strong suspicion, of defendant's guilt, is not sufficient to take a case to the jury, unless it is founded on some material evidence connecting defendants with the commission of the crime charged.

---

Intoxicating Liquors, 33 **C. J.**, p. 743, n. 83, p. 758, n. 80, p. 786, n. 52.

From Clackamas: J. U. CAMPBELL, Judge.

Department 1.

Jack Martin, Paul Stassen, Helen Stassen, Bob Robertson and Fred Johnson were jointly indicted by the grand jury of Clackamas County charged with the "crime of making, fermenting and possessing mash, wort and wash fit for distillation." They were jointly tried and convicted. Only the defendants Bob Robertson and Fred Johnson appeal. The only question submitted to the court on the appeal is, Was there any evidence against the appellants? At the conclusion of the state's testimony defendants moved "for an order directing the jury to bring in a verdict of not guilty in behalf of the defendants Paul Stassen, Mrs. Helen Stassen, Bob Robertson and Fred Johnson, for the reason and upon the ground that the State has failed to produce any testimony whatever connecting or tending to prove the allegations as laid in the indictment." At the conclusion of the taking of testimony the defendants renewed their mo-

tion for a directed verdict in behalf of all the defendants.

1. The defendants Jack Martin, Paul Stassen and Mrs. Helen Stassen not having appealed are conclusively presumed to have been satisfied with the judgment. Was there any material evidence connecting the defendants Robertson and Johnson with the commission of the crime?    REVERSED.

For appellants there was a brief and oral arguments by *Mr. Paul M. Long* and *Mr. Frank E. Swope. Swope.*

For respondent there was a brief and oral argument by *Mr. Livy Stipp,* District Attorney.

COSHOW, J.—2. At the time the raid was made the defendants Robertson and Johnson were found asleep in the dwelling of defendants Stassen, who are husband and wife. The raid was made by federal and state prohibition officers, the sheriff of Clackamas County and two of his deputies. The defendant Jack Martin was found at the still while the same was in operation. There was present in the hog-house, where the still was being operated, 14 vats with a capacity of 300 gallons each, 13 of them being filled with mash. A large quantity of moonshine whisky was also seized at said hog-house. Defendant Jack Martin assumed the sole responsibility for the ownership and operation of the still and the possession of the mash. Upon reaching the premises occupied by the defendants Stassen, the officers divided into two squads, one of which went directly to the hog-house where the still was in operation, and the other squad went to the residence. The still was discovered in

122 Or.—26

operation by two of the prohibition officers the night before the raid was made. There was extending from the hog-house to the kitchen a wire. In the kitchen or pantry occupied by the Stassens was a push-button attached to said wire. At the other end of the wire in the hog-house was a bell. The officers raiding the hog-house heard the bell ring as they entered the hog-house where the still was in operation. One of the officers who was guarding the residence heard a woman's voice repeat the name "Fred" twice in a loud whisper. The only evidence from which any inference connecting the defendants Robertson and Johnson with the crime can be drawn is their presence in the dwelling of defendants Stassen at the time the raid was made and the testimony of the officer that he heard the voice of a woman call, "Fred, Fred." Neither of the appealing defendants was found at or about the still nor was there any evidence tending to show that they had any interest in the still or were in possession of any of the mash or moonshine manufactured therefrom or had participated in the manufacture thereof. The fact that some moonshine whisky was found in a coat in the room occupied by defendant Robertson is not evidence tending to prove participation in the manufacture of it or of the possession of mash. There was no testimony that the coat in which the moonshine was found belonged to defendant Robertson. No evidence was adduced tending to show that the moonshine taken from the suitcase was connected with the operation of the still found in the hog-pen. The evidence of the well-beaten path between the dwelling and hog-pen, and of the presence of the still, a large quantity of mash, unloading a truck-load of sugar at night with the dwelling lighted tends to prove guilt of the defendants Stas-

sen, but not of the defendants Robertson and Johnson without some evidence tending to prove that they were at the dwelling at that time. There is no evidence tending to show their presence on the premises before the 9th. Unloading the sugar occurred on the 8th. The moonshine found in the coat and suitcase would be evidence of the possession of intoxicating liquor, but that is not the crime charged in the indictment.

3, 4. A person charged with violation of the Prohibition Act is entitled to the same consideration and presumption to which any person charged with any other crime is entitled. The presumption of innocence attends a person charged with violating the Prohibition Act to the same extent as it does a person charged with any other crime. We are of the opinion that the State failed to adduce any material evidence tending to prove the guilt of the appealing defendants. The most that can be said of the evidence adduced is that it raises a suspicion that the defendants Robertson and Johnson participated in the manufacture of the mash and had an interest in the business of manufacturing the moonshine. But a suspicion, even a strong suspicion, is not sufficient to take a case to a jury unless it is founded upon some material evidence connecting the defendants with the commission of the crime. In this case we have been unable to find any such evidence. The district attorney has not designated any evidence connecting the appealing defendants with the commission of the crime. His brief and argument stress the unreliability of the testimony of all the defendants. We can concur in his argument to that effect but that is not sufficient to connect the appellants with the commission of the crime.

The judgment of the court is reversed and the case remanded for further proceedings consistent with this opinion.        REVERSED AND REMANDED.

RAND, C. J., and McBRIDE, J., concur.